# Exhibit C

Table of Contents

---

# UNITED STATES SECURITIES AND EXCHANGE COMMISSION
## WASHINGTON, D.C. 20549

# FORM 10-K/A

(Mark One)

☑ **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

For the fiscal year ended <u>December 31, 2006</u>

OR

☐ **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934 [NO FEE REQUIRED]**

For the transition period from _____ to _____

# Cablevision Systems Corporation

| Commission File Number | Registrant; State of Incorporation; Address and Telephone Number | IRS Employer Identification No. |
|---|---|---|
| 1-14764 | Delaware<br>1111 Stewart Avenue<br>Bethpage, NY 11714<br>(516) 803-2300 | 11-3415180 |
| | **CSC Holdings, Inc.** | |
| 1-9046 | Delaware<br>1111 Stewart Avenue<br>Bethpage, NY 11714<br>(516) 803-2300 | 11-2776686 |

Securities registered pursuant to Section 12(b) of the Act:
Title of each class:

Name of each Exchange on which Registered:

Cablevision Systems Corporation
Cablevision NY Group Class A Common Stock

New York Stock Exchange

CSC Holdings, Inc.

None

Securities registered pursuant to Section 12(g) of the Act:

Cablevision Systems Corporation    None
CSC Holdings, Inc.                 None

Indicate by check mark if the Registrants are well-known seasoned issuers, as defined in Rule 405 of the Securities Act.

| | | |
|---|---|---|
| Cablevision Systems Corporation | Yes ☐ | No ☑ |
| CSC Holdings, Inc. | Yes ☐ | No ☑ |

Indicate by check mark if the Registrants are not required to file reports pursuant to Section 13 or Section 15(d) of the Act.

| | | |
|---|---|---|
| Cablevision Systems Corporation | Yes ☐ | No ☑ |
| CSC Holdings, Inc. | Yes ☐ | No ☑ |

Indicate by check mark whether the Registrants (1) have filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrants were required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.

| | | |
|---|---|---|
| Cablevision Systems Corporation | Yes ☐ | No ☑ |
| CSC Holdings, Inc. | Yes ☐ | No ☑ |

Indicate by a check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein, and will not be contained, to the best of the Registrants' knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K. ☐

Indicate by check mark whether the Registrants are large accelerated filers, accelerated filers or non-accelerated filers (as defined in Exchange Act Rule 12b-2).

| | Large accelerated filer | | Accelerated filer | | Non-accelerated filer | |
|---|---|---|---|---|---|---|
| Cablevision Systems Corporation | Yes ☑ | No ☐ | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| CSC Holdings, Inc. | Yes ☐ | No ☐ | Yes ☐ | No ☐ | Yes ☑ | No ☐ |

Indicate by check mark whether the Registrants are shell companies (as defined in Rule 12b-2 of the Exchange Act).

| | | |
|---|---|---|
| Cablevision Systems Corporation | Yes ☐ | No ☑ |
| CSC Holdings, Inc. | Yes ☐ | No ☑ |

Aggregate market value of voting stock held by nonaffiliates of Cablevision Systems Corporation based on the closing price at which such stock was sold on the New York Stock Exchange on June 30, 2006: $4,707,474,927

Number of shares of common stock outstanding as of April 17, 2007:

Cablevision NY Group Class A Common Stock — 229,705,409

Cablevision NY Group Class B Common Stock — 63,327,303

CSC Holdings, Inc. Common Stock — 11,595,635

Documents incorporated by reference – None.

## TABLE OF CONTENTS

Page

Explanatory Note
Part III         10. Directors, Executive Officers and Corporate Governance.
                 11. Executive Compensation.
                 12. Security Ownership of Certain Beneficial Owners and Management and Related
                     Stockholder Matters.
                 13. Certain Relationships and Related Transactions, and Director Independence
                 14. Principal Accountant Fees and Services.
Part IV          15. Exhibits and Financial Statement Schedules.
EX-31.1: CERTIFICATION
EX-31.2: CERTIFICATION
EX-32: CERTIFICATION

i

Table of Contents

**EXECUTIVE COMPENSATION TABLES**

The tables below reflect the compensation of the Company's Chief Executive Officer and the four other most highly paid executive officers. See "Compensation Discussion and Analysis" for an explanation of our compensation philosophy and program.

**Summary Compensation Table**

The table below summarizes the total compensation paid to or earned by each of our named executive officers for the year ended December 31, 2006.

| Name and Principal Position | Year | Salary ($)(1) | Bonus ($)(2) | Stock Awards ($)(3) | Option Awards ($)(4) | Non-Equity Incentive Plan Compensation ($)(5) | Change in Pension Value and Nonqualified Deferred Compensation Earnings ($)(6) | All Other Compensation ($)(7) | Total ($) |
|---|---|---|---|---|---|---|---|---|---|
| **Charles F. Dolan** Chairman | 2006 | $1,600,000 | $0 | $2,407,304 | $2,816,350 | $3,751,200 | $286,279 | $892,323 | $11,753,456 |
| **James L. Dolan** Chief Executive Officer and President | 2006 | $1,600,000 | $0 | $3,935,470 | $2,634,796 | $6,751,200 | $125,574 | $782,811 | $15,829,851 |
| **Hank J. Ratner** Vice Chairman | 2006 | $1,250,000 | $0 | $3,042,890 | $2,379,853 | $4,735,250 | $ 78,365 | $433,113 | $11,919,471 |
| **Thomas M. Rutledge** Chief Operating Officer | 2006 | $1,250,000 | $0 | $2,195,099 | $2,139,218 | $4,735,250 | $ 90,747 | $626,573 | $11,036,887 |
| **Michael P. Huseby** Executive Vice President and Chief Financial Officer | 2006 | $ 800,000 | $0 | $ 172,368 | $ 313,699 | $ 999,000(8) | $ 50,329 | $197,673 | $ 2,533,069 |

(1) For 2006, salaries paid to the named executive officers accounted for the following percentages of their total compensation: Mr. Charles F. Dolan — 14%; Mr. James L. Dolan — 10%; Mr. Ratner — 11%; Mr. Rutledge — 11%; and Mr. Huseby — 32%.

(2) For 2006, the Company did not pay any discretionary bonuses or any bonuses based on performance metrics that were not pre-established and communicated to the named executive officers. The annual incentive awards for 2006 were performance-based and are disclosed in the Non-Equity Incentive Plan Compensation column.

(3) This column reflects the dollar amount of expense recognized by the Company for financial statement reporting purposes in 2006 for restricted stock awards granted to the named executive officers in 2006 and prior years, as calculated under FAS 123R, without any reduction for risk of forfeiture. FAS 123R requires the Company to record

22