Exhibit 3

1   LARY ALAN RAPPAPORT (SBN 87614)
    PROSKAUER ROSE LLP
2   2049 Century Park East
    32nd Floor
3   Los Angeles, California 90067-3206
    Tel: (310) 557-2900
4   Fax: (310) 557-2193

5   MICHAEL A. CARDOZO (Admitted *Pro Hac Vice*)
    BRADLEY I. RUSKIN    (Admitted *Pro Hac Vice*)
6   JEREMY R. FEINBERG   (Admitted *Pro Hac Vice*)
    PROSKAUER ROSE LLP
7   1585 Broadway
    New York, NY 10036
8   Tel: (212) 969-3000
    Fax: (212) 969-2900

9
    Attorneys for Defendants NHL ENTERPRISES, L.P., NEW YORK
10  ISLANDERS HOCKEY CLUB, L.P., d/b/a NEW YORK ISLANDERS,
    MADISON SQUARE GARDEN, L.P., d/b/a NEW YORK RANGERS,
11  CHICAGO BLACKHAWK HOCKEY TEAM, INC., d/b/a CHICAGO
    BLACKHAWKS, MIGHTY DUCKS HOCKEY CLUB, INC., d/b/a
12  MIGHTY DUCKS OF ANAHEIM, LOS ANGELES KINGS HOCKEY
    CLUB, L.P. d/b/a LOS ANGELES KINGS, AND SAN JOSE SHARKS,
13  L.P. d/b/a SAN JOSE SHARKS

14

15                 UNITED STATES DISTRICT COURT

16             SOUTHERN DISTRICT OF CALIFORNIA

17

18  KINGRAY, INC. d/b/a THE BEER HUNTER,    )   File No. 00 CV 1544 L (POR)
    a California corporation; DANRAY, INC. d/b/a THE )
19  BEER HUNTER, a South Dakota corporation; )
    RAYBAN, INC. d/b/a THE BEER HUNTER, a  )
20  South Dakota corporation; and BOBRAY    )   **CLASS ACTION**
    RESTAURANTS, INC. d/b/a THE BEER        )
21  HUNTER, a California corporation;        )
                                            )   **ANSWER**
22             Plaintiffs,                  )
                                            )
23                  v.                      )   **DEMAND FOR JURY TRIAL**
                                            )
24  NHL ENTERPRISES, INC., a Delaware       )
    corporation, d/b/a THE NATIONAL HOCKEY  )
25  LEAGUE; NEW YORK ISLANDERS HOCKEY       )
    CLUB, L.P. d/b/a NEW YORK ISLANDERS, a  )
26  limited partnership; NEW YORK RANGERS, INC. )
    d/b/a NEW YORK RANGERS, a New York      )
27  corporation; CHICAGO BLACKHAWK HOCKEY )
    TEAM, INC. d/b/a CHICAGO BLACKHAWKS, an )
28                                          )
    (Continued on next page)               )

1  Illinois corporation; MIGHTY DUCKS HOCKEY )
CLUB, INC. d/b/a ANAHEIM MIGHTY DUCKS, a )
2  California corporation; LOS ANGELES KINGS )
HOCKEY CLUB, L.P. d/b/a LOS ANGELES )
3  KINGS, a limited partnership; SAN JOSE SHARKS )
CORP. d/b/a SAN JOSE SHARKS, a California )
4  corporation; DIRECTV, INC., a California )
corporation, )
5                                                    )
            Defendants.                              )
6  _____ )

7

8

9      Defendants NHL Enterprises, L.P., erroneously sued as NHL Enterprises, Inc., d/b/a The

10  National Hockey League,  New York Islanders Hockey Club, L.P., d/b/a New York Islanders,

11  Madison Square Garden, L.P., d/b/a New York Rangers, erroneously sued as New York Rangers,

12  Inc. d/b/a New York Rangers,  Chicago Blackhawk Hockey Team, Inc., d/b/a Chicago Blackhawks,

13  Mighty Ducks Hockey Club, Inc., d/b/a Mighty Ducks of Anaheim, erroneously sued as Mighty

14  Ducks Hockey Club, Inc. d/b/a Anaheim Mighty Ducks,  Los Angeles Kings Hockey Club, L.P.

15  d/b/a Los Angeles Kings, and San Jose Sharks, L.P., d/b/a San Jose Sharks, erroneously sued as San

16  Jose Sharks Corp. d/b/a San Jose Sharks (collectively the "NHL Defendants"), for themselves alone

17  and for no other defendant, hereby answer the Complaint dated August 1, 2000 (the "Complaint")

18  of plaintiffs Kingray, Inc. d/b/a the Beer Hunter, Danray, Inc. d/b/a the Beer Hunter, Rayban, Inc.

19  d/b/a the Beer Hunter, and Bobray Restaurants, Inc. d/b/a the Beer Hunter, ("Plaintiffs") and allege

20  as follows:

21

22                                          I.

23                                   **INTRODUCTION**

24      1.      Paragraph 1 of the Complaint sets forth legal conclusions as to which no response is

25  required.  To the extent that a response is required, the NHL Defendants deny the allegations set

26  forth in paragraph 1.

27

28

II.

**THE PARTIES**

2.    The NHL Defendants lack sufficient knowledge or information to admit or deny the allegations set forth in paragraph 2 and on that basis generally and specifically deny each and every allegation contained in said paragraph.

3.    The NHL Defendants lack sufficient knowledge or information to admit or deny the allegations set forth in paragraph 3 and on that basis generally and specifically deny each and every allegation contained in said paragraph.

4.    The NHL Defendants lack sufficient knowledge or information to admit or deny the allegations set forth in paragraph 4 and on that basis generally and specifically deny each and every allegation contained in said paragraph.

5.    The NHL Defendants lack sufficient knowledge or information to admit or deny the allegations set forth in paragraph 5 and on that basis generally and specifically deny each and every allegation contained in said paragraph.

6.    The NHL Defendants deny the allegations of paragraph 6, except admit that NHL Enterprises, L.P. ("NHLE") is a limited partnership, whose principal place of business is 1251 Avenue of the Americas, New York, NY 10020. The NHL Defendants state that NHL Enterprises, L.P. is incorrectly sued herein as NHL Enterprises, Inc. and further deny that NHLE was or is doing business as the National Hockey League ("NHL").

7.    The NHL Defendants deny the allegations of paragraph 7, except admit that New York Islanders Hockey Club, L.P., d/b/a New York Islanders is a limited partnership whose principal place of business is 1255 Hempstead Turnpike, Uniondale, NY 11553.

8.    The NHL Defendants deny the allegations of paragraph 8, except admit that Madison Square Garden, L.P. d/b/a New York Rangers is a limited partnership, with its principal place of business at Two Pennsylvania Plaza, 14th Floor, New York, New York 10121. The NHL Defendants state that Madison Square Garden, L.P. has been incorrectly sued herein as New York Rangers, Inc.

9.    The NHL Defendants deny the allegations of paragraph 9, except admit that Chicago Blackhawk Hockey Team, Inc., d/b/a Chicago Blackhawks is a corporation with its principal place

1 | of business at 1901 West Madison Street, Chicago, IL 60612.

2 |     10.    The NHL Defendants deny the allegations of paragraph 10, except admit that Mighty

3 | Ducks Hockey Club, Inc., d/b/a Mighty Ducks of Anaheim is a corporation with its principal place

4 | of business at 2695 Katella Avenue, Anaheim, CA 92806.

5 |     11.    The NHL Defendants deny the allegations of paragraph 11, except admit Los Angeles

6 | Kings Hockey Club, L.P. d/b/a Los Angeles Kings is a limited partnership with its principal place

7 | of business at 1111 S. Figueroa, Los Angeles, CA 90015.

8 |     12.    The NHL Defendants deny the allegations of paragraph 12, except admit that San

9 | Jose Sharks, L.P., d/b/a San Jose Sharks is a limited partnership, with its principal place of business

10 | at 525 West Santa Clara Street, San Jose, CA 95113.  The NHL Defendants state that San Jose

11 | Sharks, L.P. has been incorrectly sued herein as San Jose Sharks Corp.

12 |     13.    The NHL Defendants lack sufficient knowledge or information to admit or deny the

13 | allegations set forth in paragraph 13, and on that basis generally and specifically deny each and every

14 | allegation contained in said paragraph.

15 |     14.    The NHL Defendants deny the allegations of paragraph 14.

16 |     15.    The NHL Defendants deny the allegations of paragraph 15.

17 |     16.    The NHL Defendants admit that the NHL has the right to sell the right to distribute

18 | a package of NHL game telecasts of its Member Clubs as NHL Center Ice.  Except as expressly

19 | admitted herein, the NHL Defendants deny each and every remaining allegation in paragraph 16.

20 |

21 | **III.**

22 | **CLASS ALLEGATIONS**

23 |     17.    The NHL Defendants admit that Plaintiffs purport to bring this action as a class action

24 | and that paragraph 17 sets forth the Complaint's use of the term "Class A."  Except as expressly

25 | admitted herein, the NHL Defendants deny each and every allegation contained in paragraph 17 and

26 | specifically deny that this action is properly maintainable as a class action.

27 |     18.    The NHL Defendants admit that Plaintiffs purport to bring this action as a class action

28 | and that paragraph 18 sets forth the Complaint's use of the term "Class A$^1$."  Except as expressly

1  admitted herein, the NHL Defendants deny each and every allegation contained in paragraph 18 and

2  specifically deny that this action is properly maintainable as a class action.

3    19.    Paragraph 19 sets forth legal conclusions as to which no response is required. To the

4  extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph

5  19. The NHL Defendants specifically deny that this action is properly maintainable as a class action.

6    20.    Paragraph 20 sets forth legal conclusions as to which no response is required. To the

7  extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph

8  20. The NHL Defendants specifically deny that this action is properly maintainable as a class action.

9    21.    Paragraph 21 sets forth legal conclusions as to which no response is required. To the

10  extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph

11  21. The NHL Defendants specifically deny that this action is properly maintainable as a class action.

12

13                                         **IV.**

14                         **JURISDICTION AND VENUE**

15    22.    The NHL Defendants admit that Plaintiffs filed the complaint and purport to seek

16  relief for alleged violations of certain federal and state laws.   Except as expressly admitted herein,

17  the NHL Defendants deny each and every remaining allegation in paragraph 22 and specifically deny

18  that plaintiffs have suffered any injury or are entitled to any relief as enumerated in paragraph 22 or

19  otherwise.

20    23.    Paragraph 23 sets forth legal conclusions as to which no response is required. To the

21  extent that a response is required, the NHL Defendants admit that plaintiffs purport to base

22  jurisdiction on the provisions cited in paragraph 23. Except as expressly admitted herein, the NHL

23  Defendants deny each and every remaining allegation in paragraph 23.

24    24.    Paragraph 24 sets forth legal conclusions as to which no response is required. To the

25  extent that a response is required, the NHL Defendants admit that plaintiffs purport to base venue

26  on the provisions cited in paragraph 24. Except as expressly admitted herein, the NHL Defendants

27  deny each and every remaining allegation in paragraph 24.

28

V.

## STATUTORY BACKGROUND

A.    **Federal Antitrust Laws**

25.    Paragraph 25 sets forth legal conclusions as to which no response is required.  To the extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph 25.

26.    Paragraph 26 sets forth legal conclusions as to which no response is required.  To the extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph 26.

27.    The NHL Defendants admit that the NHL, and on information and belief, other professional sports leagues, favored passage of the Sports Broadcasting Act of 1961 ("the SBA"), 15 U.S.C. §§ 1291 et seq., and refer to the full text of the decisions in United States v. National Football League, 196 F. Supp. 445 (E.D. Pa. 1961) and 116 F. Supp. 319 (E.D. Pa. 1953), for the correct holdings thereof.  Except as expressly admitted herein, the NHL Defendants deny each and every remaining allegation in paragraph 27.

28.    The NHL Defendants admit that plaintiffs have partially quoted the SBA in paragraph 28, and refer the Court to the full text of the statute at 15 U.S.C. § 1291, but deny that any conclusions can be drawn from such text without consideration of the full statutory language and the complete legislative history of the SBA.  The last sentence of paragraph 28 sets forth legal conclusions as to which no response is required.  To the extent a response is required, the NHL Defendants specifically deny the legal conclusion stated by plaintiffs therein.  Except as expressly admitted herein, the NHL Defendants deny each and every remaining allegation in paragraph 28.

B.    **California Antitrust Laws**

29.    Paragraph 29 sets forth legal conclusions as to which no response is required.  To the extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph 29.

30.    Paragraph 30 sets forth legal conclusions as to which no response is required.  To the

1    extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph

2    30.

3

4    **C.    The California Unfair Competition Laws**

5           31.    Paragraph 31 sets forth legal conclusions as to which no response is required. To the

6    extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph

7    31.

8           32.    Paragraph 32 sets forth legal conclusions as to which no response is required. To the

9    extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph

10   32.

11

12                                                 **VI.**

13                                     **FACTUAL BACKGROUND**

14          33.    The NHL Defendants admit that the NHL, as of the 2000-2001 NHL season, is

15   comprised of 30 Member Clubs. The NHL Defendants further admit that these Member Clubs,

16   among other things, participate in the professional hockey league that the NHL operates. Except as

17   expressly admitted herein, the NHL Defendants deny each and every remaining allegation in

18   paragraph 33.

19          34.    The NHL Defendants admit that, in addition to those Member Clubs named as

20   defendants herein, plaintiffs have identified the other 24 teams that are Member Clubs of the NHL

21   that will participate in the 2000-2001 NHL season. The NHL Defendants further admit that

22   plaintiffs have collectively referred to these Member Clubs as "NHL Teams" in the Complaint, that

23   such Member Clubs are members of the NHL, that each Member Club has separate ownership from

24   the other Member Clubs, that the NHL Defendants collectively produce NHL hockey, that Member

25   Clubs derive certain local revenue from their operating as members of the NHL, and that Member

26   Clubs participate in on-ice competition between the Member Clubs. Except as expressly admitted

27   herein, the NHL Defendants deny each and every remaining allegation in paragraph 34.

28

35.    The NHL Defendants admit that the NHL is authorized to enter into certain contracts on behalf of its Member Clubs relating to live telecast rights.  Except as expressly admitted herein, the NHL Defendants deny each and every remaining allegation in paragraph 35.

36.    The NHL Defendants admit that the NHL is authorized to sell collectively  the rights to telecast certain regular season games and that the NHL currently licenses certain games for telecast over a national over-the-air broadcast network and certain games for national cable network telecast.  Except as expressly admitted herein, the NHL Defendants deny each and every remaining allegation in paragraph 36.

37.    The NHL Defendants lack sufficient knowledge or information to admit or deny the allegations set forth in paragraph 37, and on that basis generally and specifically deny each and every allegation contained in said paragraph.

38.    The NHL Defendants admit that a predecessor of the current NHL Center Ice package was first made available to satellite dish owners beginning in the 1994-95 NHL season.  Except as expressly admitted herein, the NHL Defendants deny each and every remaining allegation in paragraph 38.

39.    The NHL Defendants deny the allegations of paragraph 39.

40.    Paragraph 40 sets forth legal conclusions as to which no response is required.  To the extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph 40.

41.    The NHL Defendants admit that NHLE currently has a contract with DirecTV, pursuant to which DirecTV sells NHL Center Ice.  Except as expressly admitted herein, the NHL Defendants deny each and every remaining allegation in paragraph 41.

42.    The NHL Defendants deny the allegations of paragraph 42

43.    The NHL Defendants deny the allegations of paragraph 43.

44.    Paragraph 44 sets forth legal conclusions as to which no response is required.  To the extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph 44.

45.    Paragraph 45 sets forth legal conclusions as to which no response is required.  To the

1    extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph

2    45.

3

4                                              VII.

5                        ANSWERING THE FIRST CAUSE OF ACTION

6                        Alleged Violation of the Sherman Act, § 1
                         (On Behalf of All Plaintiffs and Classes)

7

8            46.    In response to paragraph 46, the NHL Defendants incorporate herein by this reference

9    and restate their responses to paragraphs 1 through 45 of the Complaint as though fully set forth

10   herein.

11           47.    Paragraph 47 sets forth legal conclusions as to which no response is required.  To the

12   extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph

13   47.

14           48.    The NHL Defendants deny the allegations of paragraph 48 and state that the NHL

15   Teams, as that term is used by plaintiffs, is defined in paragraph 34 of the complaint, and that certain

16   of the Member Clubs identified by plaintiffs in that paragraph were not members of the NHL during

17   the time frame cited by plaintiffs herein.

18           49.    The NHL Defendants admit that the sale of NHL Center Ice by DirecTV is within the

19   flow of interstate commerce and that NHL member clubs are located in numerous states throughout

20   the country.  Except as expressly admitted herein, the NHL Defendants generally and specifically

21   deny each and every remaining allegation in paragraph 49, and specifically deny that the NHL

22   telecasts professional basketball games.

23           50.    Paragraph 50 sets forth legal conclusions as to which no response is required.  To the

24   extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph

25   50.

26           51.    The NHL Defendants deny the allegations of paragraph 51.

27           52.    The NHL Defendants deny the allegations of paragraph 52.

28           53.    Paragraph 53 sets forth legal conclusions as to which no response is required.  To the

1   extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph

2   53.

3       54.    The NHL Defendants deny the allegations of paragraph 54.

4

5                              **VIII.**

6              <u>**ANSWERING THE SECOND CAUSE OF ACTION**</u>

7                **Alleged Violation of the Sherman Act, § 2**
                **(On Behalf All Plaintiffs and Classes)**

8

9       55.    Answering paragraph 55, the NHL Defendants incorporate herein by this reference

10  and restate their responses to paragraphs 1 through 54 of the Complaint as though fully set forth

11  herein.

12      56.    Paragraph 56 sets forth legal conclusions as to which no response is required.  To the

13  extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph

14  56.

15      57.    The NHL Defendants admit that the NHL has created  "NHL Center Ice," which is

16  available on DirecTV.  Except as expressly admitted herein, the NHL Defendants deny each and

17  every remaining allegation in paragraph 57.

18      58.    Paragraph 58 sets forth legal conclusions as to which no response is required.  To the

19  extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph

20  58.

21      59.    Paragraph 59 sets forth legal conclusions as to which no response is required.  To the

22  extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph

23  59.

24      60.    The NHL Defendants deny the allegations of paragraph 60.

25

26

27

28

## IX.

### ANSWERING THE THIRD CAUSE OF ACTION

#### Alleged Violation of the Cartwright Act
#### (On Behalf of The Beer Hunters and Class A[1])

61.    Answering paragraph 61, the NHL Defendants incorporate herein by this reference and restate their responses to paragraphs 1 through 60 of the Complaint as though fully set forth herein.

62.    Paragraph 62 sets forth legal conclusions as to which no response is required. To the extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph 62.

63.    The NHL Defendants deny the allegations of paragraph 63, and state that the NHL Teams, as that term is used by plaintiffs, is defined in paragraph 34 of the complaint, and that certain of the Member Clubs identified by plaintiffs in that paragraph were not members of the NHL during the time frame cited by plaintiffs herein.

64.    Paragraph 64 sets forth legal conclusions as to which no response is required. To the extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph 64.

65.    Paragraph 65 sets forth legal conclusions as to which no response is required. To the extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph 65.

66.    Paragraph 66 sets forth legal conclusions as to which no response is required. To the extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph 66.

67.    The NHL Defendants deny the allegations of paragraph 67.

## X.

## ANSWERING THE FOURTH CAUSE OF ACTION

### Alleged Violation of the Unfair Competition Act
### (On Behalf of The Beer Hunters and Class A[1])

68.    Answering paragraph 68, the NHL Defendants incorporate herein by this reference and restate their responses to paragraphs 1 through 67 of the Complaint as though fully set forth herein.

69.    Paragraph 69 sets forth legal conclusions as to which no response is required. To the extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph 69.

70.    Paragraph 70 sets forth legal conclusions as to which no response is required. To the extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph 70.

71.    Paragraph 71 sets forth legal conclusions as to which no response is required. To the extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph 71.

72.    Paragraph 72 sets forth legal conclusions as to which no response is required. To the extent that a response is required, the NHL Defendants deny the allegations set forth in paragraph 72.

73.    The NHL Defendants deny the allegations of paragraph 73.

The NHL Defendants deny all allegations of the Complaint (including headings) not specifically admitted above and further deny that plaintiffs are entitled to any relief in this action.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that they would not otherwise bear under applicable law, the NHL Defendants assert the following affirmative defenses:

1

## FIRST AFFIRMATIVE DEFENSE

2      74.    The Complaint fails to state a claim upon which relief can be granted.

3

4

## SECOND AFFIRMATIVE DEFENSE

5      75.    The challenged conduct is exempted from the antitrust laws by the Sports

6    Broadcasting Act, 15 U.S.C. §§ 1291 et seq.

7

8

## THIRD AFFIRMATIVE DEFENSE

9      76.    The NHL Defendants are not capable of conspiring with one another within the

10    meaning of the federal and state antitrust laws with respect to the challenged conduct because they

11    are a single economic enterprise.

12

13

## FOURTH AFFIRMATIVE DEFENSE

14      77.    Plaintiffs lack standing to bring these antitrust claims.

15

16

## FIFTH AFFIRMATIVE DEFENSE

17      78.    Plaintiffs' claims fail because plaintiffs have not suffered antitrust injury as a result

18    of the challenged conduct.

19

20

## SIXTH AFFIRMATIVE DEFENSE

21      79.    The conduct alleged in the complaint is reasonably ancillary to a lawful joint venture

22    and hence is lawful under the federal and state antitrust laws.  The NHL Defendants state that the

23    NHL, on behalf of its member clubs, has acted lawfully and reasonably to advance the distribution

24    of NHL telecasts, to encourage promotion of the NHL by its telecasters, sponsors and others, to

25    enhance the output of telecasts of NHL hockey games, and to ensure the ability of the NHL to

26    compete effectively with other sports and entertainment alternatives.

27

28

1

### SEVENTH AFFIRMATIVE DEFENSE

2    80.    Plaintiffs' claims fail because the NHL Defendants' conduct is justified.

3

4

### EIGHTH AFFIRMATIVE DEFENSE

5    81.    Plaintiffs' claims are barred by the doctrines of waiver, laches, and/or estoppel.

6

7

### NINTH AFFIRMATIVE DEFENSE

8    82.    Some or all of plaintiffs' claims are barred by the applicable statutes of limitations.

9

10

### TENTH AFFIRMATIVE DEFENSE

11    83.    Plaintiffs' claims under state law involve application of statutes that would unduly
12    burden Interstate Commerce and therefore are preempted by the Federal antitrust laws.

13

14

### ELEVENTH AFFIRMATIVE DEFENSE

15    84.    Plaintiffs cannot sustain this purported class action because they cannot meet the
16    requirements for class certification.

17

18

### TWELFTH AFFIRMATIVE DEFENSE

19    85.    The NHL Defendants lack sufficient economic power in any properly defined market
20    to enable them to restrain trade in any such market.

21

22

### THIRTEENTH AFFIRMATIVE DEFENSE

23    86.    Plaintiffs' claims are barred by the indirect purchaser doctrine of Illinois Brick Co.
24    v. Illinois, 431 U.S. 720 (1977).

25

26

### FOURTEENTH AFFIRMATIVE DEFENSE

27    87.    Plaintiffs' claims fail because, to the extent that any of the challenged conduct
28    occurred, such conduct is legally privileged.

1

## FIFTEENTH AFFIRMATIVE DEFENSE

2      88.    Plaintiffs' claims fail because, to the extent that any of the challenged conduct

3 occurred, there has been no injury to competition as a result of such conduct.

4

5

## SIXTEENTH AFFIRMATIVE DEFENSE

6      89.    Plaintiffs' claims are barred by the unclean hands doctrine.

7

8

## SEVENTEENTH AFFIRMATIVE DEFENSE

9      90.    Plaintiffs have suffered no injury as a result of any conduct prohibited by law.

10

11

## EIGHTEENTH AFFIRMATIVE DEFENSE

12     91.    Plaintiffs' claims fail because, to the extent that any of the challenged conduct

13 occurred, such conduct is lawful under the Copyright laws.

14

15

## NINETEENTH AFFIRMATIVE DEFENSE

16     92.    Plaintiffs' claims are barred by the Full Faith and Credit clause of the United States

17 Constitution.

18     The NHL Defendants reserve the right to amend these defenses or to add additional defenses

19 when they become known.

20     WHEREFORE, the NHL Defendants respectfully request that the Court,

21     (a)    That plaintiffs take nothing by reason of their Complaint;

22     (b)    That judgment be entered in favor of the NHL Defendants and against plaintiffs;

23     (c)    That the NHL Defendants be awarded their costs and attorneys' fees incurred herein;

24 and

25 ///

26 ///

27 ///

28 ///

1     (c)     For such further and other relief as the Court deems appropriate.

2

3    Dated: September 29, 2000        LARY ALAN RAPPAPORT

4                              PROSKAUER ROSE LLP
2049 Century Park East - 32nd Floor
Los Angeles, California 90067-3206

5                              Tel: (310) 557-2900
Fax: (310) 557-2193

6

7                              MICHAEL A. CARDOZO
BRADLEY I. RUSKIN
JEREMY R. FEINBERG

8                              PROSKAUER ROSE LLP
1585 Broadway

9                              New York, NY 10036
Tel: (212) 969-3000

10                           Fax: (212) 969-2900

11

12                        By: _____

13                           LARY ALAN RAPPAPORT
Attorneys for Defendants NHL ENTERPRISES, L.P.,

14                           NEW YORK ISLANDERS HOCKEY CLUB, L.P.,
d/b/a NEW YORK ISLANDERS, MADISON

15                           SQUARE GARDEN, L.P., d/b/a NEW YORK
RANGERS, CHICAGO BLACKHAWK HOCKEY

16                           TEAM, INC., d/b/a CHICAGO BLACKHAWKS,
MIGHTY DUCKS HOCKEY CLUB, INC., d/b/a

17                           MIGHTY DUCKS OF ANAHEIM, LOS ANGELES
KINGS HOCKEY CLUB, L.P. d/b/a LOS ANGELES

18                           KINGS, AND SAN JOSE SHARKS, L.P. d/b/a SAN
JOSE SHARKS

19

20

21

22

23

24

25

26

27

28

## JURY TRIAL DEMAND

1

2   Defendants NHL Enterprises, L.P., New York Islanders Hockey Club, L.P., d/b/a New York

3   Islanders, Madison Square Garden, L.P., d/b/a New York Rangers, Chicago Blackhawk Hockey

4   Team, Inc., d/b/a Chicago Blackhawks, Mighty Ducks Hockey Club, Inc., d/b/a Mighty Ducks of

5   Anaheim, Los Angeles Kings Hockey Club, L.P. d/b/a Los Angeles Kings, and San Jose Sharks,

6   L.P., d/b/a San Jose Sharks hereby request a trial by jury of all issues so triable.

7

8   Dated: September 29, 2000              PROSKAUER ROSE LLP

9

10                                        By: _____

11                                        LARY ALAN RAPPAPORT
                                          Attorneys for Defendants NHL ENTERPRISES, L.P.,
12                                        NEW YORK ISLANDERS HOCKEY CLUB, L.P.,
                                          d/b/a NEW YORK ISLANDERS, MADISON
13                                        SQUARE GARDEN, L.P., d/b/a NEW YORK
                                          RANGERS, CHICAGO BLACKHAWK HOCKEY
14                                        TEAM, INC., d/b/a CHICAGO BLACKHAWKS,
                                          MIGHTY DUCKS HOCKEY CLUB, INC., d/b/a
15                                        MIGHTY DUCKS OF ANAHEIM, LOS ANGELES
                                          KINGS HOCKEY CLUB, L.P. d/b/a LOS ANGELES
16                                        KINGS, AND SAN JOSE SHARKS, L.P. d/b/a SAN
                                          JOSE SHARKS

17

18

19

20

21

22

23

24

25

26

27

28

3822/55657-027
NYLIB1/1249686 v5

### PROOF OF SERVICE

I declare that: I am employed in the county of Los Angeles, California. I am over the age of eighteen years and not a party to the within cause; my business address is 2049 Century Park East, Suite 3200, Los Angeles, California 90067-3206.

On September 29, 2000, I served the foregoing document described as:

**ANSWER; DEMAND FOR JURY TRIAL**

☐ by placing ☐ the original ☒ true copies thereof enclosed in a sealed envelope addressed as follows:

John F. McGuire, Jr., Esq.
Palma Cesar Hooper, Esq.
Daral B. Mazzarella, Esq.
Karen R. Frostrom, Esq.
Thorsnes Bartolotta & McGuire
2550 Fifth Street
Suite 1100
San Diego, California 92103

Mark A. Hovenkamp, Esq.
Grayson, Hovenkamp & Petroski
1221 McKinney
Suite 3850
Houston, Texas 77010

Dale H. Oliver, Esq.
Michael E. Williams, Esq.
Jon D. Corey, Esq.
J.D. Horton, Esq.
MyKhanh P. Shelton, Esq.
Quinn Emanuel Urquhart Oliver & Hedges
865 South Figueroa Street
Tenth Floor
Los Angeles, California 90017-2543

Gerald L. McMahon, Esq.
Stephen J. Segreto, Esq.
Seltzer Caplan McMahon Vitek
2100 Symphony Towers
750 B. Street
San Diego, California 92101-8177

☒ **(By U.S. Mail)** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(By Personal Service)**
  ☐ By personally delivering such envelope to the addressee.
  ☐ By causing such envelope to be delivered by messenger to the office of the addressee.

☐ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on September 29, 2000, at Los Angeles, California.

S. Michiko Kondo
_____
Name

_____
Signature

489/55857-027
ALIB1/451841 v1