UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MADISON SQUARE GARDEN, L.P.,           :

        Plaintiff,           :

   - against -               No. 07 CIV. 8455 (LAP)

                                    :

NATIONAL HOCKEY LEAGUE,           **LOCAL RULE 56.1**
NATIONAL HOCKEY LEAGUE           **STATEMENT OF**
ENTERPRISES, L.P., NHL INTERACTIVE   :   **UNDISPUTED MATERIAL**
CYBERENTERPRISES, L.L.C., NHL           **FACTS**
ENTERPRISES CANADA, L.P., and NHL   :
ENTERPRISES, B.V.,           :   Electronically Filed

        Defendants.           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS

      Pursuant to Local Rule 56.1 of the United States District Court for the Southern District of New York, defendants National Hockey League, NHL Enterprises, L.P., NHL Interactive CyberEnterprises, L.L.C., NHL Enterprises Canada, L.P., and NHL Enterprises, B.V. (collectively, "Defendants") respectfully submit this statement of material facts as to which there is no genuine issue to be tried:

      1.     On March 10, 1995 MSG's predecessor-in-interest, MSG Holdings, L.P., executed a Consent Agreement. See Goldfein Decl. Ex. 28.

      2.     Paragraph 3(a)(i) of the March 1995 Consent Agreement consists of a "NHL Constitution, Bylaws and Agreements" provision, which states, in relevant part:

> [E]ach Acquiring Party [including MSG] jointly and severally agrees to be bound by and comply with (A) the NHL Constitution, including, without limitation, Article 3.5 (Transfer of Ownership), Articles 3.9 though 3.12 (concerning involuntary termination by the NHL and disposition of the Franchise, and Article 4 (concerning territorial rights), (B) the NHL Bylaws . . . (C) all other NHL rules, regulations, policies and resolutions, (D) the current and future Collective Bargaining Agreements between the NHL and the National Hockey League Players' Association and consent decrees and settlement agreements presently or hereafter in effect of entered into between or among the NHL and its Member Clubs or the NHL and other persons in furtherance of NHL business or interests or as otherwise authorized, directly or indirectly, by the NHL Board of Governors, the NHL Commissioner, the Constitution or the Bylaws, and (E) the NHL Commissioner's interpretation of any of the foregoing, all as may be amended from time to time . . . .

See id.

       3.     Paragraph 13 of the March 1995 Consent Agreement consists of a "Release and Limitation of Liability" provision, which states, in relevant part:

> (a) As partial consideration for the NHL providing the consents contained herein, each of the Acquiring Parties [including MSG] . . . hereby forever release and discharge the NHL, NHL Enterprises, Inc., all of the NHL's Member Clubs (except the Rangers) and each of their successors and assigns . . . from any and all claims, demands, causes of action, and liabilities of any kind whatsoever (upon any legal or equitable theory, whether contractual, common-law, statutory, decisional, Canadian, Unites States, state, provincial, local or otherwise), which, to the best knowledge of [MSG] exist as of the date of execution of this Consent Agreement by reason of any act, omission, transaction or occurrence taken or occurring at any time up to and including the date of the execution of this Consent Agreement, relating to, or arising from, any hockey operations or any NHL activity, including without limitation, the performance, presentation or exploitation of any hockey game or hockey exhibition . . . .
>
> (b) The Acquiring Parties [including MSG] hereby agree, based upon facts known to, or facts that reasonably should have been known to, the Acquiring Parties on the date hereof, not to initiate a judicial or other proceeding against the NHL challenging any provision of the NHL Constitution and Agreements as in effect and

    interpreted on the date hereof as they may apply to acts or omissions up to and including the date hereof.

See id.

    4. On June 17, 1997, MSG executed another Consent Agreement. See Goldfein Decl. Ex. 27. Paragraphs 3(a)(i), 13(a), and 13(b) of the June 1997 Consent Agreement are identical in all material respects to Paragraphs 3(a)(i), 13(a), and 13(b) of the March 1995 Consent Agreement, as set forth in Paragraphs 2 and 3 above. See id.

    5. On December 18, 1997, MSG executed another Consent Agreement. See Goldfein Decl. Ex. 26. Paragraphs 13(a) and 13(b) of the December 1997 Consent Agreement are identical in all material respects to Paragraphs 13(a) and 13(b) of the March 1995 Consent Agreement, as set forth in Paragraph 3 above. See id.

    6. On March 4, 1998, MSG executed another Consent Agreement. See Goldfein Decl. Ex. 25. Paragraphs 13(a) and 13(b) of the March 1998 Consent Agreement are identical in all material respects to Paragraphs 13(a) and 13(b) of the March 1995 Consent Agreement, as set forth in Paragraph 3 above. See id.

    7. On May 22, 1998, MSG executed another Consent Agreement. See Goldfein Decl. Ex. 24. Paragraphs 9(a) and 9(b) of the May 1998 Consent Agreement are identical in all material respects to Paragraphs 13(a) and 13(b) of the March 1995 Consent Agreement, as set forth in Paragraph 3 above. See id.

    8. On November 16, 1998, MSG executed another Consent Agreement. See Goldfein Decl. Ex. 23. Paragraphs 10(a) and 10(b) of the November

1998 Consent Agreement are identical in all material respects to Paragraphs 13(a) and 13(b) of the March 1995 Consent Agreement, as set forth in Paragraph 3 above. See id.

9. On July 15, 1999, MSG executed another Consent Agreement. See Goldfein Decl. Ex. 22. Paragraphs 3(a)(i), 10(a), and 10(b) of the July 1999 Consent Agreement are identical in all material respects to Paragraphs 3(a)(i), 13(a), and 13(b) of the March 1995 Consent Agreement, as set forth in Paragraphs 2 and 3 above. See id.

10. On December 5, 2002, MSG executed another Consent Agreement. See Goldfein Decl. Ex. 21. Paragraphs 7(a), and 7(b) of the December 2002 Consent Agreement are identical in all material respects to Paragraphs 13(a) and 13(b) of the March 1995 Consent Agreement, as set forth in Paragraph 3 above. See id.

11. On April 8, 2005, MSG executed another Consent Agreement. See Goldfein Decl. Ex. 20. Paragraphs 10(a) and 10(b) of the April 2005 Consent Agreement are identical in all material respects to Paragraphs 13(a) and 13(b) of the March 1995 Consent Agreement, as set forth in Paragraph and 3 above. See id.

12. The complained-of NHL policies, regulations, and restrictions regarding broadcasting and other video and audio distribution of games and game content, including through use of exclusive broadcast territories, were all in effect prior to MSG's execution of the April 2005 Consent Agreement. See Goldfein Decl. Exs. 4-7.

13. The complained-of NHL policies, regulations, and restrictions regarding licensing of team marks and other intellectual property were all in effect prior to MSG's execution of the April 2005 Consent Agreement. See Goldfein Decl. Exs. 8-9.

14. The complained-of NHL policies, regulations, and restrictions regarding merchandizing of goods bearing team marks or other intellectual property, including through use of exclusive territories and restrictions on internet sales, were all in effect prior to MSG's execution of the April 2005 Consent Agreement. See Goldfein Decl. Exs. 4-5, 9-11.

15. The complained-of NHL policies, regulations, and restrictions regarding advertising and sponsorships, including in-arena, virtual, and internet advertising were all in effect prior to MSG's execution of the April 2005 Consent Agreement. See Goldfein Decl. Exs. 9-19.

Dated: June 2, 2008

          SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

           s/ Shepard Goldfein
          Shepard Goldfein
          James A. Keyte
          Paul M. Eckles
          Four Times Square
          New York, New York 10036-6522
          Telephone: (212) 735-3000
          Facsimile: (212) 735-2000

*Attorneys for Defendants National Hockey League, et al.*